Rubert Hermanos, Appellants, v. The People et al.,
Respondents.

Appeal from the District Court of Arecibo.

No. 888.—Decided June 27, 1913.

Action of Ejectment Against the People of Porto Rico—Consent of People
    to be Sued—Jurisdiction.—The present is an action of ejectment brought
    against The People of Porto Rico and Wenceslao Borda as lessee of the
    Caño de Tiburones lands without the consent of The People to be sued.
    During the pendency of this appeal the Supreme Court of the United States
    held in the case of Rosaly v. The People of Porto Rico, 227 U. S., 270, that
    The People of Porto Rico cannot be sued without its consent. It was held
    that in accordance with said doctrine neither the trial court nor this court
    on appeal has jurisdiction of the case and that therefore the proceedings are
    null and void and that the case cannot be decided on its merits as against
    the defendant Borda because The People of Porto Rico is the party really
    interested in the suit and any decision which might be rendered against Borda
    would affect necessarily The People of Porto Rico.

The facts are stated in the opinion.

*Messrs. Alvarez Nava* and *Domínguez* for appellants.

*Mr. Wolcott Pitkin, Jr.,* Attorney General, and *J. Henri Brown,* for respondents.

Mr. Chief Justice Hernández delivered the opinion of the court.

This is an appeal taken by Rubert Hermanos from a judgment rendered by the District Court of Arecibo on August 29, 1911, dismissing the original complaint in all its parts without special imposition of costs.

The original complaint was filed by Rubert Hermanos against The People of Porto Rico and Wenceslao Borda on November 9, 1909, to recover the title of ownership to a certain piece of land and $8,000 damages and after having been answered the complaint was amended on April 4, 1911, by the addition of Henry M. Hoyt and Lawrence H. Grahame as parties defendant. Subsequently, various parts of the said complaint were stricken out by an order of the court entered on May 18, following, by which order the allegations of the

plaintiffs, on which their action was based, were fixed definitely.

Besides the allegations regarding the ownership of a piece of land of about 230 *cuerdas* said amended complaint contained the following: \

"*Tenth.* About the month of December, 1908, The People of Porto Rico, one of the defendants, through the other defendant, Lawrence H. Grahame, then Commissioner of the Interior, assisted by the other defendant, Henry M. Hoyt, then Attorney General of Porto Rico, the *fiscal* of the District Court of Arecibo, the engineer of the Department of the Interior, and the Insular police force, with the cooperation of the other defendant, Wenceslao Borda, and without the authorization or consent of Rubert Hermanos, said defendants Lawrence H. Grahame and Henry M. Hoyt exceeding the powers and authority vested in them as Commissioner of the Interior and Attorney General respectively, and likewise without authority from any person representing the plaintiffs, Rubert Hermanos, but, on the contrary, against their express and reiterated objection, without any judicial decision or valid order from anyone, and without basing their action on any legal provision, and without being lawfully authorized so to do by The People of Porto Rico, constructed or caused to be constructed on the plantation known as 'Las Lizas' a fence which, beginning on the west side and running in a zigzag line to the east side, divides the property into two parts, one north of the other, and dispossessed Rubert Hermanos of the northern part and delivered the same to the defendant, Wenceslao Borda.

"At the time of committing the aforesaid despoliation, the portion delivered to the defendant Borda contained 50 *cuerdas* of plowed land being prepared for the planting of cane, upon which about $500 had been expended.

"Besides, there were 23 *cuerdas* completely prepared and ready for planting, its preparation having cost approximately $690. The said 23 *cuerdas* were to be planted in the Spring of 1909 so that the crop might be harvested and ground in 1910.

"Besides, there were on that portion of 'Las Lizas' of which the plaintiffs, Rubert Hermanos, were despoiled, about 150 head of breeding cattle and oxen."

     ＊     ＊     ＊     ＊     ＊     ＊     ＊

"*Thirteenth.* That the part of the plantation 'Las Lizas' of which the plaintiffs, Rubert Hermanos, have been forcibly and unlawfully

dispossessed contains approximately an area of about 230 *cuerdas,* and is bounded on the north by the Caño de Tiburones; on the east by lands of Martín Zavala, formerly of the Succession of Miguel Gandía, and now unlawfully detained by the defendants from the said Martín Zavala; on the south in a zigzag line by the remainder of the plantation 'Las Lizas'; and on the west by the Caño de Vieques which separates it from the plantation 'Monte Grande.' The said tract of land is valued at $22,000.

"*Fourteenth.* The property described in the thirteenth paragraph and of which the defendants have forcibly and unlawfully deprived the plaintiffs in the manner related in paragraph ten hereof, is drained and solid ground and has been cultivated, partly in cane and partly in pasture, for more than fifty years.

"*Fifteenth.* Neither Rubert Hermanos, the plaintiffs, nor any of the members of said firm have received from The People of Porto Rico, from Wenceslao Borda, or from the other defendants, or from any natural or artificial person, in their names or representation, any payment, indemnity, or compensation whatsoever for the land of which they were forcibly despoiled, for the possession thereof, for the expenses incurred in preparing the land for planting, or for the damages and losses caused them.

"*Sixteenth.* Rubert Hermanos are still deprived of the possession of that portion of land described in the thirteenth clause, although they have requested and demanded its restitution from The People of Porto Rico and Wenceslao Borda, and have been deprived of planting canes, as they proposed to do, on the half of the property of which they have been forcibly dispossessed, and they are obliged to leave other lands unplanted in order to use the same as pasture for the cattle they had on the property which the defendants unlawfully possess.

"*Seventeenth.* The defendants have been in the unlawful use and possession of that portion of 'Las Lizas' described in the thirteenth clause since the month of December, 1908, the said Borda knowing that said lands did not and do not belong to The People of Porto Rico.

"*Eighteenth.* The damages caused to Rubert Hermanos by the despoliation of that portion of the property referred to are represented by their loss of the use and enjoyment of the said parcel of land from the month of December, 1908, until it is restored to them, at the rate of $20 annually per *cuerda;* by the damages sustained by them through being prevented from planting one-half of said property in canes, they being deprived of the earnings from the same during the

time the defendants continue in possession thereof; and by their expenses in the preparation of the 72 *cuerdas* which were ready to be planted in the Spring of 1909, which damages amount to $25,000 up to date.

"The plaintiffs allege also that the defendants are responsible for exemplary damages in the amount of $50,000."

The complaint concludes with the prayer that judgment be rendered decreeing:

"1. That Rubert Hermanos are the owners of that part of the plantation 'Las Lizas' described in the thirteenth clause.

"2. That said parcel of land be delivered to and placed at the free disposal of the plaintiffs.

"3. That the People of Porto Rico and Wenceslao Borda pay *in solidum* to the plaintiffs the sum of $25,000 as damages and a further sum of $50,000 as exemplary damages.

"4. That the defendants pay all the costs and expenses of this suit.

"5. That in like manner the defendants, Henry M. Hoyt and Lawrence H. Grahame, are equally responsible together with the other defendants for the payment *in solidum* of the sum of $25,000 as indemnity for the damages claimed in paragraph 3 of this prayer."

As a second cause of action the plaintiffs allege the following facts:

"*First.* That the defendants, The People of Porto Rico, Lawrence H. Grahame, the latter exceeding the powers vested in him as Commissioner of the Interior, and Wenceslao Borda, personally and through his employes and agents, with the advice of the defendant, Henry M. Hoyt, then Attorney General of Porto Rico, having for his object the execution of a so-called contract of lease or concession of public unoccupied lands with the other defendant, Wenceslao Borda, and without authority therefor, made or caused to be made a survey of the portion of the plantation 'Las Lizas' described in the thirteenth paragraph of the first cause of action, to wit, a rural estate composed of 230 *cuerdas,* more or less, bounded on the north by the Caño de Tiburones; on the east by lands of Martín Zavala (formerly of the Succession of Miguel Gandía and now unlawfully withheld by the defendants from said Martín Zavala); on the south in a zigzag line by

the remainder of the plantation 'Las Lizas'; and on the west by the Caño de Vieques which separates it from the plantation 'Monte Grande.' The property thus described is the same which is sought to be recovered under the first cause of action set up in this complaint.

"*Second.* That the survey referred to in the preceding paragraph was made during the latter part of the month of December, 1908, without any notice having been given to the plaintiffs, their agents or representatives, or to Martín Zavala, his agents or representatives, as the present adjoining property owners of the property described, or in conformity with the titles of each of the adjoining property owners, without instituting any action or judicial proceeding whatever, or complying with the requirements of sections 392, 393, and 394 of the Civil Code and 286 of the Code of Civil Procedure, but, on the contrary, it was done by force with the assistance of the Insular police and by prosecuting in the courts of the judicial district of Arecibo the agents and representatives of the plaintiffs and of the adjoining owner, Martín Zavala, who objected to the manner in which the said survey was being made, without complying previously with the requirements of law.

"*Third.* That by the means aforesaid the defendants dispossessed Rubert Hermanos of that portion of the plantation 'Las Lizas' hereinbefore described, The People of Porto Rico forcibly and unlawfully seizing the same and giving physical possession thereof to the defendant, Wenceslao Borda, and constructing, without the intervention and against the express objection of the plaintiffs, a fence through the said plantation 'Las Lizas,' beginning on the west side and running in a zigzag line to the east side dividing the property into two parts, one north of the other, with an approximate area of 230 *cuerdas,* said fence enclosing the perimeter of the portion so unlawfully seized in a manner which substantially divides it from the remainder of the property of which the plaintiffs herein are the owners.

"In view of the foregoing facts it is prayed that the court render final judgment decreeing that the survey effected in the month of December, 1908, by order of the above-named defendants in the manner in which each of them has intervened, is null and void and without any effect because the same is contrary to the legal provisions in force at that time, and, consequently, that the physical possession of the land given to the defendant, Wenceslao Borda, is likewise null and void and without legal effect and that the plaintiffs, Rubert Hermanos, be placed in immediate possession of the property described in the first paragraph of this second cause of action pending

the making of a survey by The People of Porto Rico, or its agents, in proper legal form after due and proper notice to the plaintiffs to intervene in the same, as required by law."

The defendants, The People of Porto Rico and Wenceslao Borda, filed a joint answer to the amended complaint on May 26, 1911, alleging as they had done in their answer to the original complaint that The People of Porto Rico cannot be sued without its consent, which has not been given in the present case, and the plaintiffs withdrew their complaint as against the defendants, Henry M. Hoyt and Lawrence H. Grahame, on June 12 following before the case went to trial. On that date, with permission of the court, a motion was filed by counsel for the remaining defendants for a judgment in their favor on the pleadings in regard to the second cause of action, which motion the court sustained and the plaintiffs noted an exception to the ruling.

The case went to trial and judgment was rendered in the terms already stated, from which judgment counsel for Rubert Hermanos appealed to this court, which appeal is now pending decision after all the legal formalities have been complied with.

This case involves a question of law which we must first decide—namely, whether this court has jurisdiction to take cognizance of the case in the absence of the consent of The People of Porto Rico to be sued.

However, this question of jurisdiction, in so far as the complaint is directed against The People of Porto Rico, has been decided by the Supreme Court of the United States in deciding the appeal in the case of *Rosaly* v. *The People of Porto Rico,* 227 U. S., 270, the Court holding in its judgment of February 24 of this year that The People of Porto Rico cannot be sued without its consent.

There is no doubt that the proceedings followed in the present suit against The People of Porto Rico are null and void in so far as concerns the defendant, The People of Porto

Rico, for lack of original jurisdiction in the court of Arecibo and in this court on appeal.

And the question now arises as to whether the court of Arecibo had jurisdiction and this court has jurisdiction to decide this case in regard to the defendant, Wenceslao Borda.

In view of all the circumstances of the case the answer must be in the negative.

The action brought by Rubert Hermanos seeks to recover a piece or parcel of land which The People of Porto Rico has delivered to Wenceslao Borda and to obtain from the latter and from The People of Porto Rico an indemnity for damages.

This action of ejectment directly affects The People of Porto Rico which in its character as owner of the lands referred to has delivered them to Wenceslao Borda in usufruct as lessee; and this being the case, although it should be held that plaintiffs have the right to recover, their action against the defendant Borda does not lie because he is in possession in the name of The People of Porto Rico and it is the party from whom recovery should be sought. The same is true in regard to the indemnity claimed for damages, for which indemnity as a consequence of the unlawful detention, The People of Porto Rico and not Wenceslao Borda would be likewise liable.

If the court lacks jurisdiction to render judgment against The People of Porto Rico to the effect that the property belongs to the plaintiffs and that as a consequence the latter are entitled to an indemnity from The People of Porto Rico for the damages caused Rubert Hermanos by reason of the unlawful detention, it is likewise without jurisdiction to render a similar judgment against Borda, even on the condition that it should not affect The People of Porto Rico, for the latter would be affected necessarily in view of the circumstances of the case.

When a motion was made by Rubert Hermanos for a default against Wenceslao Borda on the ground that the com-

plaint was answered by the Attorney General of Porto Rico and Special Attorney J. H. Brown in representation of the defendant Borda, which representation the party plaintiff objected to as illegal, both the Attorney General of Porto Rico and Attorney J. H. Brown opposed the motion for default for the following reasons among others:

"*First.* That since the year 1908 the defendant Borda has been in possession as lessee of all the lands of the Caño de Tiburones adjoining the property of the plaintiffs which is the subject-matter of this action, and that he still continues as lessee of The People of Porto Rico of said lands.

"*Second.* That the action in question was also brought against the defendant Borda in his character of lessee of The People of Porto Rico, in which character he held the lands in dispute.

"*Third.* That The People of Porto Rico was and is under obligation to maintain the said lessee Borda in possession of the leased lands and to defend him in actions which may arise from the said contract of lease and his possession as lessee."

The foregoing reasons are convincing that the party among the defendants really interested in this action is The People of Porto Rico and not Wenceslao Borda and that any decision which might be rendered in favor of the plaintiffs and prejudicial to Borda would necessarily affect The People of Porto Rico.

We are of the opinion that if The People of Porto Rico is eliminated from this action, it cannot prosper against the defendant Borda.

For the foregoing reasons the proceedings had before the District Court of Arecibo on the original complaint in this action are null and void and the judgment appealed from is null and void for lack of jurisdiction of the case, reserving to the plaintiffs the privilege of defending such rights as they may have in the proper legal manner.

*Proceedings quashed for lack of jurisdiction.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.